**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JOSE CONTRERAS-FORERA,          :
                                              Civil Action No. 05-1108 (JBS)
              Petitioner,       :

              v.                :       **OPINION**

FEDERAL BUREAU OF PRISONS,      :
et al.,
              Respondents.      :


**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>:          Counsel for Respondents:
Jose Contreras-Forero             Dorothy J. Donnelly
#61558-053                        Asst. U.S. Attorney
FCI Fort Dix                      402 East State Street
P.O. Box 1000                     Room 430
Fort Dix, NJ 08640                Trenton, NJ 08608


**SIMANDLE**, District Judge

       Petitioner Jose Contreras-Forero, a prisoner currently

confined at the Federal Correctional Institution at Fort Dix, New

Jersey, has submitted a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241.[1]

_____

       [1] Section 2241 provides in relevant part:

       (a) Writs of habeas corpus may be granted by the
       Supreme Court, any justice thereof, the district courts
       and any circuit judge within their respective
       jurisdictions.
       (c) The writ of habeas corpus shall not extend to a
       prisoner unless-- ... (3) He is in custody in violation
       of the Constitution or laws or treaties of the United
       States ... .

I.   BACKGROUND

Petitioner asserts that on February 5, 2003, he pleaded guilty to two counts of Importation of Heroin in United States District Court for the Eastern District of New York.  On September 30, 2003, Petitioner was sentenced to a term of imprisonment of 37 months.  On January 13, 2004, Petitioner began his sentence at the Federal Correctional Institution at Fort Dix.

On February 4, 2004, the Administrative Staff at FCI-Fort Dix provided Petitioner with a "Sentence Monitoring Computation Data Form" which provided for a projected statutory release date of October 13, 2006.  The Sentence Monitoring Computation Data Form also provides for a "Pre-Release" or "Six-Month/10% Date," of July 8, 2005, the date when he will be considered eligible for pre-release transfer to a Community Corrections Center.

Petitioner alleges that the July 8, 2005, Pre-Release Preparation Date is based upon a December 13, 2002, Memorandum Opinion, and a December 20, 2002, Memorandum to implement the Memorandum Opinion, which interpret governing statutes to prohibit placement in a Community Corrections Center before the last ten percent of a prisoner's term of imprisonment, not to exceed six months.  See 18 U.S.C. §§ 3621(b) and 3624(c). Petitioner contends that the Bureau of Prisons' interpretation of the governing statutes, as reflected in the December 2002 policy, is incorrect and that he is entitled to be considered for pre-

release transfer to a CCC pursuant to the BOP's previous policy,
which would have permitted consideration for pre-release transfer
up to six months before the anticipated release date.

In lieu of an Answer, Respondents sought and obtained leave
to file a Motion to Dismiss, (Docket Entry No. 5), which was
filed on April 27, 2005, and which was returnable on June 3,
2005.  Respondents asked this Court to dismiss the Petition as
moot because the December 2002 policy was no longer in effect and
because Petitioner had not challenged new regulations governing
pre-release transfer to Community Corrections Centers, which
became effective on February 14, 2005.  See 28 C.F.R. §§ 570.20,
570.21, 70 Fed.Reg. 1659, 1663 (Jan. 10, 2005).

Petitioner has failed to file any opposition to Respondents'
Motion to Dismiss.  Nor has he sought leave to amend the Petition
to assert a claim challenging the new regulations.  Accordingly,
this matter is ripe for determination.

## II.  ANALYSIS

This Court has previously held that the BOP December 2002
policy is invalid.  See Miranda v. Miner, 04-cv-2590 (JBS).  It
is apparent, however, that the December 2002 policy will not
govern the pre-release planning for Petitioner, who was
incarcerated on February 14, 2005, the effective date of the new
BOP regulations.  See 70 Fed.Reg. 1659 (Jan. 10, 2005).

As Petitioner challenges only a policy that is no longer in effect, and does not challenge the policy that will govern his pre-release planning, Petitioner's claims are moot and the Petition must be dismissed.

This Court expresses no opinion on the validity of the new regulations at 28 C.F.R. §§ 570.20 and 570.21.

## IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed as moot.  An appropriate order follows.


 **s/ Jerome B. Simandle**
Jerome B. Simandle
United States District Judge

Dated:  **August 11, 2005**

4